[Cite as *State v. Jackson*, 2026-Ohio-2669.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF WARREN, | CASE NO. 2026-T-0003 |
| Plaintiff-Appellant, | Criminal Appeal from the<br>Warren Municipal Court |
| - vs - | |
| KEYLEN JACKSON, | Trial Court No. 2025 CRB 001476 |
| Defendant-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: July 13, 2026
Judgment: Reversed

*Edward A. Czopur*, P.O. Box 3313, 407 Boardman-Canfield Road, Suite 3313, Youngstown, OH 44503 (For Plaintiff-Appellant).

*Elizabeth Miller*, Ohio Public Defender, and *Melissa Seabolt*, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1} Appellant, the State of Ohio/City of Warren ("the State"), appeals the interlocutory judgment of the Warren Municipal Court, overruling its motion to dismiss the charge of assault against appellee, Keylen Jackson ("Jackson"). The State maintains, and Jackson agrees, that the trial court erred when it determined the State lacked good cause to dismiss the charge based upon insufficient evidence. We agree.

{¶2} Recently, this court reviewed a similar case involving the same trial court. *State v. Glover*, 2026-Ohio-1332 (11th Dist.). Under the circumstances of this matter, and

in line with this court's precedent in *Glover*, we conclude that the trial court abused its discretion when it overruled the State's motion.

{¶3} Accordingly, the decision of the Warren Municipal Court is reversed.

**Substantive and Procedural Facts**

{¶4} A complaint was filed on August 22, 2025, charging Jackson with assault, a misdemeanor of the first degree, in violation of Warren Cod. Ord. 537.03. The complaint alleged that on August 21, 2025, Jackson knowingly caused or attempted to cause a risk of physical harm to Z.T. Jackson entered a not guilty plea to the charge at arraignment on August 22, 2025.

{¶5} A pretrial hearing was held on September 2, 2025. The trial court noted on the docket that paper discovery was provided and that video evidence was requested. The docket entry further stated that the evidence was to be provided to counsel and reviewed prior to the next hearing, which was scheduled for October 7, 2025.

{¶6} On October 7, 2025, the State filed its first motion for leave to dismiss. The State's motion explained that "[a]fter careful review and thorough investigation of all the evidence provided to the prosecutor's office, the State is dismissing the pending charges without prejudice. For cause, after watching the video footage from the high school it appears defendant was not involved in the assault with the other two individuals." The trial court denied the motion and made the following notation on the court docket:

> The Court considered the motion and the additional information provided by counsel, including but not limited to that the defendant and other unnamed individuals rode to the school in the same car prior to the alleged attack, the court's review of the video, and a photograph of the defendant. The State's motion reports good cause, however considering the additional information, does not determine that good cause

exists. Therefore, the State's motion is denied at this time. Full discovery exchanged.

{¶7} On November 6, 2025, the State filed a second motion for leave to dismiss the charges pursuant to Crim.R. 48 and R.C. 2941.33. The State alleged that there was insufficient evidence to proceed on the assault charge against Jackson and insufficient evidence to proceed constituted good cause for the dismissal of the charges. Specifically, the State provided the following information in their motion for leave:

> On August 21, 2025, Warren City Police were dispatched to Warren G. Harding High School for reports of an assault and criminal trespass by four (4) individuals. Upon further investigation and review of the school's surveillance video, it appears that [Jackson] was not involved in the assault as he did not cause or attempt to cause physical harm to the alleged victim. Further, the alleged victim had no injuries. The alleged victim also confirmed [Jackson] was not involved in the alleged altercation.

{¶8} On December 19, 2025, nearly six weeks after the State's second filing, the parties submitted a "Joint Motion to Request a Ruling" on the State's motion. A hearing was held on January 2, 2026. The trial court reviewed the surveillance footage with the parties. The court then stated "while looking at that video and knowing who the defendant is . . . it was very clear that he wasn't the person that . . . went over and attacked the main victim. . . So the Court began asking questions about, well, it seems as if this may have been charged under a complicity theory." The court then continued to insist additional evidence may exist to support a theory of complicity to commit assault.

{¶9} On January 6, 2026 the trial court filed an entry denying the State's motion for leave to file a dismissal entry concluding that "the State appears to possess sufficient evidence to proceed under a theory of complicity." The trial court filed an amended entry the same day.

Case No. 2026-T-0003

{¶10}　The State filed the instant interlocutory appeal pursuant to R.C. 2945.67(A) and App.R. 5(C). This court granted the State's motion for leave to file the appeal on January 28, 2026.

**The Appeal**

{¶11}　The State raises the following assignment of error for review: "The trial court abused its discretion when it denied leave to the City to dismiss the single charge after the State showed 'good cause' for dismissal."　Jackson agrees with the State and emphasizes "the trial court erred in declining to dismiss the assault charge, because the role of the court when determining if good cause is present is meant to protect defendants' rights and shield from prosecutorial harassment, not for the trial court to advocate from the bench."

{¶12}　"The [S]tate may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." Crim.R. 48(A). Under this rule, the prosecuting attorney, with the court's discretionary permission, has the ability to request "when and which charges should be dropped." *State v. Jones*, 2015-Ohio-1818, ¶ 31 (8th Dist.); *see also State v. Jones*, 2009-Ohio-1957, ¶ 13 (2d Dist.). We review a trial court's denial of the State's motion to dismiss under an abuse of discretion standard. *State v. Neely*, 2005-Ohio-7045, ¶ 42 (11th Dist.); *State v. Mucci*, 2002-Ohio-6896, ¶ 30 (7th Dist.).

{¶13}　This court recently reviewed a strikingly similar case arising from the same trial court. *Glover,* 2026-Ohio-1332 (11th Dist.). As this court recognized, these cases involve "the interplay of the respective roles of two separate but co-equal branches of our government." *Id.,* at ¶ 13.　"Without the separation of powers ""there can be no liberty,

Case No. 2026-T-0003

where the legislative and executive powers are united in the same person, or body of magistrates;' or, 'if the power of judging, be not separated from the legislative and executive powers.'"'" *Glover,* quoting *TWISM Ents., L.L.C. v. State Bd. of Registration for Professional Engineers & Surveyors,* 2022-Ohio-4677, ¶ 31, quoting The Federalist No. 47*,* at 251 (James Madison) (Gideon Ed.2001), quoting Montesquieu, *The Spirit of Law* 181 (1748).

{¶14} Thus, a trial court's discretion in determining whether a State's Crim.R. 48(A) motion should be granted "'is limited by the separation of powers—the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the prosecuting attorney.'" *Glover*, at ¶ 19 quoting *Cleveland v. Primm*, 2017-Ohio-7242, ¶ 5 (8th Dist.), citing *State ex rel. Master v. Cleveland*, 1996-Ohio-228, ¶ 15 ("the decision whether to prosecute is discretionary, and not generally subject to judicial review"); and *In re United States*, 345 F.3d 450, 454 (7th Cir. 2003) ("[T]he plenary prosecutorial power of the executive branch safeguards liberty, for, in conjunction with the plenary legislative power of Congress, it assures that no one can be convicted of a crime without the concurrence of all three branches. . . . When a judge assumes the power to prosecute, the number shrinks to two."). Accordingly, it is well established that charging decisions are committed to prosecutorial discretion and are not generally subject to judicial control. *State v. Busch*, 76 Ohio St.3d 613, 615 (1996).

{¶15} This court has also recognized that "[b]roadly interpreting the Crim.R. 48(A) leave-of-court requirement could be an invitation for the judiciary to exceed its constitutional role and breach the separation of powers by intruding upon the plenary prosecution power of the executive branch." *Primm* at ¶ 5. Indeed, the federal courts,

Case No. 2026-T-0003

including the Supreme Court of the United States have emphasized that the "leave of court" requirement contained in Fed.R.Crim.P. 48(a)—the federal counterpart of Crim.R. 48(A)—was "not promulgated to shift absolute power from the Executive to the Judicial Branch" but instead "to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection . . . ." *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975); *Rinaldi v. United States,* 434 U.S. 22 (1977). *See B.G.G.*, 53 F.4th at 1361; *see also United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). Accordingly, these courts have found that a court may deny a motion to dismiss by the Government, when such "motion is prompted by considerations clearly contrary to the public interest." *Cowan.*

{¶16} *In Glover,* this court acknowledged the requirement that the State must provide more than a "conclusory assertion of insufficient evidence." *Glover* at ¶ 31. However, this court determined that the State had "fundamentally demonstrated" that it lacked sufficient evidence to prove beyond a reasonable doubt that Glover knowingly caused A.H. to believe he would cause her serious physical harm (or any such harm to her property)." *Glover* at ¶ 31. Glover was charged with aggravated menacing, which required proof, beyond a reasonable doubt, that he knowingly caused A.H. to believe he would cause her or her property serious physical harm. *See* R.C. 2903.21(A). The State sought leave to dismiss the charge and emphasized that neither C.H. nor A.H. experienced any fear during the encounter. While C.H. asserted he did observe Mr. Glover show the firearm from the pocket of his hoodie, A.H. was the only named victim in

Case No. 2026-T-0003

the complaint. A.H. firmly maintained she neither saw a firearm in Glover's possession nor was in fear that Mr. Glover would cause her any harm. *Glover*. at ¶ 30.

{¶17} This court reasoned:

> Because A.H. was the only alleged victim in this case, she stated she was not in fear of physical harm (let alone serious physical harm) from Mr. Glover, and she did not observe Mr. Glover with a firearm, we conclude there was "good cause" for the State to seek leave to dismiss the aggravated menacing charge against him. In other words, the State fundamentally demonstrated it lacked sufficient evidence to prove beyond a reasonable doubt that Mr. Glover knowingly caused A.H. to believe he would cause her serious physical harm (or any such harm to her property). The trial court erred in denying the State leave to dismiss that charge under Crim.R. 48(A). Applying the governing standard articulated in Cowan, there is nothing in this record suggesting that dismissal would be "clearly contrary to manifest public interest." 524 F.2d at 513. To the contrary: the named victim denied both the fear and the observation of a weapon essential to the charge, the defendant joined the motion, and both on-scene officers declined to attest to the conduct alleged. No cognizable public interest is served by compelling prosecution of a charge whose foundational element the alleged victim herself refutes.

{¶18} In the instant case, Jackson was charged with assault. Warren Cod. Ord. 537.03(a) provides: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." The State emphasized that it had insufficient evidence to proceed with prosecution.

{¶19} Specifically, after receiving a copy of the surveillance footage of the incident, the State explained:

> Upon further investigation and review of the school's surveillance video, it appears that [Jackson] was not involved in the assault as he did not cause or attempt to cause physical harm to the alleged victim. Further, the alleged victim had no injuries. The alleged victim also confirmed [Jackson] was not involved in the alleged altercation.

Case No. 2026-T-0003

{¶20} The State further indicated at the hearing on the State's second motion for leave, that the victim's advocate had been unable to reach the victim and that the victim was uncooperative. Furthermore, the other three individuals allegedly involved had not been identified. Despite the State's contention that the video footage did not support the charge and that the victim had confirmed that Jackson was not involved in the alleged assault, the trial court judge suggested that the State needed to investigate further, commenting that "I don't know what I don't know." The trial court further rebuked the State's position that there was insufficient evidence to proceed and suggested, after the trial court's review of the evidence, that the State could proceed under a complicity theory.

{¶21} This court finds, as we did in *Glover*, that no cognizable public interest is served by compelling prosecution of a charge on a theory of complicity where the surveillance footage and the alleged victim refute a foundational element of the offense. The prosecutor in the instant case provided significantly more than mere conclusory statements in support of the State's motion for leave to dismiss the assault charge against Jackson.

{¶22} As we observed in *Glover,* "Lawyers, let alone judges, take an oath to uphold the constitution. This fundamentally embraces upholding the well-established concept of a separation of powers in government." *Glover*, 2026-Ohio-1332, at ¶ 35 (11th Dist.). "A judge has a legal and ethical duty to respect the role of the executive branch in charging an individual with a crime [and] . . . prosecutorial discretion resides in the executive branch, not in the judicial branch. While that discretion is subject to review (to *protect* a defendant's constitutional rights), it is not unlimited, and it is not the judge's

Case No. 2026-T-0003

role to exhort or even advise a prosecutor in the manner that the executive officer elects to exercise his or her discretion." *Id.*

{¶23} The prosecutor could decide to pursue an assault charge against Jackson as a principal or under a theory of complicity should evidence exist to support such charge. Given the State's representations of facts on record, good cause existed for the trial court to enter a nolle prosequi on the assault charge. The trial court, in recognition of the essential lack of evidence, should have granted the State's motion. Moreover, the trial court, should have refrained from commenting or advising the State regarding the possible complicity of the defendant as it related to the underlying charge in the interest of remaining neutral and upholding and respecting the separation of powers doctrine. *Glover* at ¶ 36.

{¶24} The State's assignment of error is with merit.

## Conclusion

{¶25} For the reasons set forth above, the judgment of the Warren Municipal Court is reversed.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2026-T-0003

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is with merit. It is the judgment and order of this court that the judgment of the Warren Municipal Court is reversed.

Costs to be taxed against the parties equally.

JUDGE ROBERT J. PATTON

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-T-0003